## Add Hill v. The Territory of Oklahoma.

(Filed February 11, 1905.)

1. **CERTIFICATE—Case Made—Authentication.** A certificate to a case made, stripped of unnecessary recitals and leaving the following language is sufficient authentication of a case made.

   "I, Clinton F. Irwin, acting judge of the fifth judicial district of said territory, and of the district court of said territory, during the absence of the regular judge on account of sickness, do hereby * * * certify that the above and foregoing proceedings had in the case, Territory of Oklahoma v. Ad Hill and James S. Beason, No. 1006, pending in the district court of Greer county in said judicial district. * * * * is a true and complete case made * * *. And I do further certify that the same has been duly served within the time allowed by law, and that notice of the signing of the same has been duly given, and that it contains all suggestions and amendments made by the county attorney of said county, and is by me settled, allowed and signed; and the clerk of said court is hereby ordered and directed to attach the seal of said court and attest the same with his said seal and his signature, as such clerk.

   "Witness my hand this ——day of ————, 1903.

   "Attest                                    "C. F. Irwin, Judge.

   "(Seal)

   "J. P. Renshaw, Clerk.

   "by J. W. Sproat, deputy."

2. **SAME—Language Sufficient.** It is not necessary that the certificate should use the exact language of the statute; if it uses language equivalent it will be sufficient.

3. **SAME—Language Imports Examination.** The language used in such certificate, showing that it was "settled, allowed and signed," imports an examination and consideration of the case made by the trial judge.

4. **EVIDENCE—Accomplice—Corroboration.** In a prosecution for burglary, a defendant may not be convicted upon the testimony of an accomplice alone, but the evidence of the accomplice must be corroborated by other evidence which tends to connect the defendant with the commission of the offense.

5. **EVIDENCE—Weight of.** In a prosecution for burglary when the evidence of an accomplice is corroborated by other evidence which tends to connect the defendant with the commission of the offense the weight of such corroborating evidence is a matter for the jury; and after verdict found, based upon such evidence, and motion for new trial has been overruled, this court will not disturb the judgment.

6. **WITNESSES—Cross Examination.** In a prosecution for burglary it is not in error, on cross examination of the defendant's witness, to require him to answer the question if there is not a case pending against him.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before C. F. Irwin, Trial Judge.*

*Shartel, Keaton & Wells, Chas, H. Eagin,* and *J. A. Powers,* for plaintiff in error.

*P. C. Simons, Attorney General,* for defendant in error.

Opinion of the court by

PANCOAST, J.: Plaintiff in error was convicted in the district court of Greer county of the offense of feloniously and burglariously breaking into a dwelling house in the day time, was sentenced to a term of two years' imprisonment in the penitentiary, and appeals from such judgment and sentence to this court. But two assignments of error are argued in the brief. All others will be considered as abandoned.

We are met at the outset of this case by a motion to dismiss for the reason that the case made attached to the petition in error filed in this court is not properly authenticated; that the certificate of the judge appended to the said case made does not conform to the statutory requirements. A carefully prepared argument is made, and numerous cases are cited in support of this motion. The certificate attached

to the case made contains so much that is unnecessary, that we have had to read it several times in order to determine clearly just what is and what is not surplusage. After making this analysis, we are led to the conclusion that there is sufficient in the certificate to sustain it. Some of the language that counsel for defendant in error thinks should be eliminated as surplusage, we think is necessary. The certificate in full reads as follows:

"I, Clinton F. Irwin, acting judge of the fifth judicial district of said Territory and of the district court of Greer county in said Territory, during the absence of the regular judge on account of sickness, do hereby state and certify that the above and foregoing is a true, full and complete transcript of the proceedings had in the case, *Territory of Oklahoma v. Ad Hill and James S. Beason,* No. 1006 pending in the said district court of Greer county in said judicial district, and that the above and foregoing is a true and complete case made of all the proceedings, evidence, motions, verdicts, judgments, orders, indictments and pleadings and exceptions had, filed, taken, given and made in said cause, and contains all evidence given and received and of all the evidence offered and rejected in the trial of said cause and the instructions of the court given; and I do further certify that the same has been duly served within the time allowed by law and that notice of the signing of the same has been duly given, and that it contains all the suggestions and amendments made by the county attorney of said county and is by me hereby settled, allowed and signed and the clerk of said court is hereby ordered and directed to attach the seal of the said court and attest the same with his said seal and his signature as such clerk.

"Witness my hand this ———day of ————1903.

"C. F. IRWIN. Judge.

"Attest: J. P. RENSHAW, Clerk,

"(SEAL)   by J. W. SPROAT, Deputy."                    *

Stripped of what the defendant in error thinks are useless recitals, it would read as follows:

"I, Clinton F. Irwin, acting judge of the fifth judicial district of said Territory, and of the district court of Greer county in said Territory, during the absence of the regular judge on account of sickness * * * and that it contains all the suggestions and amendments made by the county attorney of said county and is by me hereby settled, allowed and signed and the clerk of said court is hereby ordered and directed to attach the seal of said court and attest the same with his said seal and his signature as said clerk.

"Witness my hand this ——— day of ————1903.

"C. F. Irwin, Judge.

"Attest: J. P. Renshaw, Clerk,

"(seal) by J. W. Sproat, Deputy."

We think that stripped of the unnecessary recitals, the certificate will read as follows:'

"I, Clinton F. Irwin, acting judge of the fifth judicial district of said Territory, and of the district court of Greer county in said Territory, during the absence of the regular judge on account of sickness, do hereby * * * certify that the above and foregoing proceedings had in the case, *Territory of Oklahoma v. Ad Hill and James S. Beason,* No. 1006, pending in the district court of Greer county in said judicial district * * * is a true and complete case made * * * and I do further certify that the same has been duly served within the time allowed by law and that notice of the signing of the same has been duly given and that it contains all the suggestions and amendments made by the county attorney of said county, and is by me settled, allowed and signed and the clerk of said court is hereby ordered and directed to attach the seal of said court and attest the same with his said seal and his signature as such clerk.

Witness my hand this —— day of ———— 1903.

"C. F. Irwin, Judge.

"Attest: J. P. Renshaw, Clerk,

"(seal)  by J. W. Sproat, Deputy."

Counsel for defendant in error insists very strenuously that the certificate should not only show that the case made was settled, allowed and signed, but should further show that it was settled, allowed and signed by the judge as a *true and correct* case made. While we hold this certificate to be sufficient, yet the language is not in all respects the most apt. We think the certificate might very properly show that the case made was presented for settlement to the judge who tried the case, and that the judge did settle and sign the same as and for a case made for the supreme court.

The statute, (Wilson's sec. 4741), provides that the case made and amendments shall be submitted to the judge who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be attached. The case made should show affirmatively that it was served in proper time, or such fact, if not shown in the case made, should be shown in the certificate. If no suggestions of amendments are made, either the case made or the certificate should also show that notice had been given of the time and place where the case made would be presented for settlement. Some of the authorities hold that if suggestions of amendment are made and presented with the case made, no such notice need appear to have been given, but we think the better practice is to give this notice, even though amendments are suggested. If the parties are present when the record is presented for settlement, the certificate should recite that fact. It is not necessary that the certificate should use the exact language of the statute; if it uses language equivalent it will be sufficient.

The first portion of the certificate in this case, which is a recital showing that the judge was not the regular trial

judge, but was especially assigned to the district to try this and other cases, would of course not appear in any ordinary certificate. This certificate, then, does state that it is a true and complete case made. While the language used is not in the form that counsel thinks it should be, yet it is in effect the same. The certificate also shows that the case made is a complete case made of all of the proceedings, and it further states that the same has been duly served within the time allowed by law, and that notice of the signing of the same has been duly given. The language used in referring to notice is not as apt as that which might have been used. A more nearly correct statement would be that notice had been given of the time and place where the case made would be presented for settlement. The certificate also shows that the case made contains all the suggestions of amendments made by the county attorney, and the phrase "is by me settled, allowed and signed", imports examination and consideration by the judge. It includes, to use the language of counsel for defendant in error, "the judicial operation of the mind of the trial judge, by which he determines that the statements therein contained are true."

We now come to the consideration of the errors assigned by the plaintiff in error; first, that the verdict of the jury was based upon the uncorroborated testimony of Tommy S. Hodges, an alleged accomplice. That the burglary was in fact committed was sufficiently proved by the testimony of other witnesses than the accomplice. His testimony on that point was not needed to sustain the verdict. We suppose that counsel mean that there was no corroborating evidence which tended to connect the defendant with the commission of the offense. Several of the witnesses testified that they met the de-

fendant with Hodges and others on the day that the crime was committed, the meetings being at different times and places, and all near where the crime was committed. Hodges testified to the commission of the crime and its attending circumstances, giving his whereabouts during the entire day, in company with the defendant; and when the testimony of the several witnesses is taken together, the facts are so dovetailed, that it is more than ordinarily convincing. Indeed, it would be almost, if not quite, impossible for Hodges to manufacture the story which he told, and so place the defendant as to put him where the other witnesses testify to having met him.

Taken alone, the testimony of the witnesses other than Hodges perhaps might not be sufficient in every detail to connect the defendant with the commission of the crime; but it is not necessary that every fact sworn to by an accomplice shall be specifically corroborated. The statute, in this respect provides that the corroborating evidence shall be such as tends to connect the defendant with the commission of the offense. The evidence in this case we think fills this requirement. The testimony of the accomplice connected the defendant with the offense, giving all the details and circumstances, and the testimony of the other several witnesses corroborated some of the statements made by Hodges. As to the sufficiency of the evidence, the jury in this, as in other cases, are the sole judges.

The remaining question is not of very great importance. One of the witnesses for the defense, when on the stand, on cross examination, was asked this question: "There is a case pending here against you, is there not?" To which he answered "Yes, sir." The only objection to the question was

that it was immaterial, and not proper cross examination, which was overruled by the court.

The purpose of the question was to discredit the witness. Courts differ somewhat as respects the limits within which a witness other than the defendant may be cross examined for the purpose of affecting his credibility. The courts uniformly hold that the question is one largely within the discretion of the trial court. Judge Thompson, in his work on Trials, page 458, gives it as the prevailing opinion that the extent to which an inquiry of this character will be allowed into the past life of a witness, with a view of affecting his credibility, rests entirely in the discretion of the trial court. Supporting this view might be noticed the cases of *Hill v. State* (Nebr.) 60 N. W. 916; *Real v. People,* 42 N. Y. 270, and cases there cited.

Having carefully examined the record and perceiving no error therein, the judgment of the trial court is affirmed.

Irwin, J., who presided in the court below, not sitting; Beauchamp, J., absent; all the other Justices concurring.